IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| BRANDON GULLATTE | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv72 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Brandon Gullatte, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Gullatte complained of a disciplinary case he received charging him with possession of a weapon, even though the weapon was allegedly found in his cellmate's locker and not his. No evidence of a weapon nor any photographs were introduced at his disciplinary hearing. The charging officer stated that he found Gullatte's ID card in the locker but Gullatte had his ID card with him when he left the cell. The hearing officer would not allow him to call the sergeant who helped conduct the search as a witness.

As punishment for the disciplinary case, Gullatte received the loss of 364 days of good time credits, reduction in classification status, 45 days of cell and commissary restrictions, loss of parole eligibility even though he was in the review process, assignment to administrative segregation, and placement in a housing area where he suffered from smoke inhalation, filthy living conditions,

1

poisonous spiders, mosquitos, and a ventilation system clogged with dust and lint. Gullatte acknowledged that he is not eligible for release on mandatory supervision.

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed. The magistrate judge determined that Gullatte failed to show the deprivation of a constitutionally protected liberty interest, as set out in *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The magistrate judge also concluded that Gullatte's claims concerning the conditions of his confinement did not sound in habeas corpus and should be dismissed without prejudice to permit him to bring these claims in a civil rights action.

In his objections to the Magistrate Judge's Report, Gullatte discusses the difference between procedural and substantive due process rights and states that "petitioner's objection is to the report denying him his right to complain about conditions of confinement in administrative segregation through a habeas corpus [sic] to protect his substantive Eighth Amendment right to be free from cruel and unusual punishment where such right was denied to him through a disciplinary conviction, sentencing him to confinement to inhumane conditions in administrative segregation without due process of law. Petitioner has a liberty interest in his Eighth Amendment right."

Gullatte quotes the dissenting opinion in *Preiser v. Rodriguez*, 411 U.S. 475, 505, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (Brennan, J., dissenting), as stating "yet even though a prisoner may challenge the conditions of his confinement by petition for writ of habeas corpus, he is not precluded by today's opinion from raising the same or similar claim, without exhaustion of state remedies, by suit under the Ku Klux Klan Act, provided he attacks only the conditions of his confinement and not its fact or duration." The dissenting opinion is not the law. The decision of the Court in *Preiser* reaffirmed prior holdings that a civil rights action under 42 U.S.C. §1983 is the proper remedy for a state prisoner who is challenging the conditions of his confinement but not the fact or length of his custody; however, where "a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." *Preiser*, 411 U.S. at 499.

The Fifth Circuit has stated that §1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures, while a habeas corpus petition is the proper vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997), *citing Cook v. Texas Department of Criminal Justice Transitional Planning Department*, 37 F.3d 166, 168 (5th Cir, 1994) *and Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). If a favorable determination of the prisoner's lawsuit would not automatically entitle the prisoner to accelerated release, the proper vehicle is a §1983 lawsuit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

A favorable determination of Gullatte's complaints concerning the conditions of confinement in administrative segregation would not automatically entitle him to accelerated release from prison, rendering habeas corpus inappropriate for these claims. Habeas corpus cannot be used as a springboard to adjudicate matters foreign to the question of the legality of custody, including claims concerning the condition of the cells in administrative segregation. *See Pierre v. U.S.*, 525 F.2d 933, 936 (5th Cir. 1976). While Gullatte has a constitutional right under the Eighth Amendment to be free from the infliction of cruel and unusual punishment, this right is properly vindicated in a §1983 lawsuit and not a habeas corpus petition because the cruel and unusual punishment allegedly inflicted upon him did not implicate the legality of his custody. *Preiser*, 411 U.S. at 493; *Cook*, 37 F.3d at 168. This objection is without merit.

Gullatte also complains of his placement in administrative segregation without appropriate due process protections. Administrative segregation is not an typical or significant hardship in relation to the ordinary incidents of prison life and inmates lack a protected liberty interest in being free from that classification. *Sandin*, 515 U.S. at 484; *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (administrative segregation does not constitute a deprivation of a constitutionally cognizable liberty interest). Gullatte therefore lacks a cognizable due process claim. *Howland v. Readore*, 232 F.3d 208, 2000 U.S. App. LEXIS 23044

(5th Cir., August 22, 2000), *citing Sandin*, 515 U.S. at 485 *and Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).  Gullatte's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 8) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the Petitioner Brandon Gullatte is **DENIED** a certificate of appealability *sua sponte*.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 3rd day of November, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE